**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ARKANSAS TEACHER RETIREMENT SYSTEM,

      Plaintiff,

          v.

ALLIANZ GLOBAL INVESTORS U.S. LLC,
*et al.*,

      Defendants.

20 Civ. 5615 (KPF)

(caption continues on following pages)

---

**JOINT REMOTE DEPOSITION PROTOCOL AND ORDER**

| | |
|---|---|
| RETIREMENT PROGRAM FOR EMPLOYEES OF THE TOWN OF FAIRFIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, <br><br> Defendants. | 20 Civ. 5817 (KPF) |
| LEHIGH UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, <br><br> Defendants. | 20 Civ. 7061 (KPF) |
| TEAMSTER MEMBERS RETIREMENT PLAN, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, <br><br> Defendants. | 20 Civ. 7154 (KPF) |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION NATIONAL EMPLOYEE BENEFITS COMMITTEE, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*, | 20 Civ. 7606 (KPF) |

|  |  |
|---|---|
| Defendants. | |
| METROPOLITAN TRANSPORTATION AUTHORITY DEFINED BENEFIT PENSION PLAN MASTER TRUST, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>    Defendants. | 20 Civ. 7842 (KPF) |
| CHICAGO AREA I.B. OF T. PENSION PLAN & TRUST, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>    Defendants. | 20 Civ. 7952 (KPF) |
| THE EMPLOYES' RETIREMENT SYSTEM OF THE CITY OF MILWAUKEE,<br><br>    Plaintiff,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>    Defendants. | 20 Civ. 8642 (KPF) |
| CHICAGO & VICINITY LABORERS DISTRICT COUNCIL PENSION FUND AND CHICAGO & VICINITY LABORERS DISTRICT COUNCIL HEALTH & WELFARE FUND, *et al.*,<br><br>    Plaintiffs, | 20 Civ. 9478 (KPF) |

|  |  |
|---|---|
| v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>    Defendants. |  |
| THE BOARDS OF TRUSTEES FOR THE CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON AND FOR THE GROUP INVESTMENT TRUST OF THE CARPENTERS INDIVIDUAL ACCOUNT PENSION TRUST OF WESTERN WASHINGTON, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>    Defendants. | 20 Civ. 9479 (KPF) |
| PAUL SCHAEFER; ROBERT O'TOOLE; MARC PARKER; BRIAN JORDAN; MARK JACOBS; AND WILLIAM R. SEEHAFER, as trustees of the United Food & Commerical Workers Unions & Employers Mdwest Penion Fund, on behalf of the Plan,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al.*,<br><br>    Defendants. | 20 Civ. 9587 (KPF) |
| BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 38 PENSION FUND PENSION PLAN,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC, *et al*.,<br><br>    Defendants. | 20 Civ. 10028 (KPF) |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION,<br><br>    Plaintiff,<br><br>        v. | 20 Civ. 10848 (KPF) |

ALLIANZ GLOBAL INVESTORS U.S. LLC,

      Defendant.

This Joint Remote Deposition Protocol and Order (the "Remote Deposition Protocol") is submitted by the parties (each a "Party," and collectively the "Parties") in each of the above-captioned related actions (together, the "Related Actions") in accordance with Civil Case Management Plan #1 entered by the Court on December 7, 2020 (the "Case Management Plan") and the Joint Discovery Plan and Order entered by the Court on January 26, 2021 (the "Discovery Plan"). This Remote Deposition Protocol shall govern all depositions conducted remotely (each a "Remote Deposition") in each of the Related Actions along with the Case Management Plan, the Discovery Plan, the Stipulation and Order Regarding ESI Protocol entered by the Court on December 22, 2020 (the "ESI Protocol") and the Stipulated Protective Order entered by the Court on December 22, 2020 (the "Protective Order"). Should any conflict exist between this Remote Deposition Protocol, the Discovery Plan, the ESI Protocol, or the Protective Order, the provisions of this Remote Deposition Protocol shall prevail.

## I.   Contemplation of Remote Depositions

Given the ongoing COVID-19 pandemic, the Parties agree that depositions will be conducted remotely until it is safe to conduct them in-person. Except where inconsistent with this Remote Deposition Protocol, the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and the Discovery Plan shall apply.

## II.   General Provisions

### A.   Proceeding with a Remote Deposition

The Parties shall follow the scheduling procedures set forth in Section II.A.2. of the Discovery Plan. This Remote Deposition Protocol shall apply to any Remote Deposition in the Related Actions, including depositions of non-parties. A copy of this Remote Deposition Protocol

shall be attached to each non-party subpoena issued or served in the Related Actions requesting deposition testimony.  Nothing in this Remote Deposition Protocol shall otherwise affect the deposition scheduling requirements of Section II.A.2 of the Discovery Plan.

Even in the case of a Remote Deposition, a deponent shall have the right to receive in person the confidential advice and assistance of counsel in:  (i) preparing for the deposition and (ii) defending the deposition.  This Remote Deposition Protocol does not modify or abridge that right in any way.  The noticing Party's choice to participate in a deposition remotely shall not be reason to prevent or object to the defending counsel from defending the Remote Deposition in person.

The fact that a deposition was noticed to take place remotely, and was recorded remotely, will not be grounds for preventing the remote deposition from being admitted at trial, subject to all other objections, with the same effect as a deposition video that was recorded in-person.

**B.     Noticing a Remote Deposition**

The notice of a Remote Deposition must comply with the requirements of Section II.A.1 of the Discovery Plan, and must also specify:  (i) that the deposition will be taken remotely; and (ii) the identity of the vendor that the noticing Party has retained to facilitate the Remote Deposition.  At least two days prior to the deposition the noticing party will specify:  (i) additional software, if any, that will be used during the deposition; and (ii) contact information (name, e-mail, and telephone number) for an official or responsible employee of the vendor and any other person(s) who have been appointed to provide technical support during the Remote Deposition.  The noticing Party shall promptly inform all Parties of any

updates to the noticed videoconferencing platform that are implemented in the time between providing that information and the date of the Remote Deposition.

**C.** **Procedures for Conducting a Remote Deposition**

1. Any Remote Deposition shall comply with the following requirements:

a) *Remote Deposition Platform*:  The platform and system(s) used to take a Remote Deposition shall include high-quality and reliable video and audio streaming to all Participants[1]; full synchronization of audio and video with each other and with real-time transmission from the court reporter; and the capability for every Participant to be heard clearly by all other Participants even if another Participant is speaking (*e.g.*, if an objection is being stated).

b) *Private, Quiet, and Secure Locations.* Deponents must have access to a private, quiet, and secure room, where he or she will be uninterrupted and where confidentiality of the proceedings may be preserved at all times during which the Remote Deposition is being conducted on the record.

c) *Confidentiality/Security*.   To ensure the confidentiality of the Remote Deposition and any exhibits used in connection therewith:  (i) only those persons who are permitted pursuant to the Protective Order shall participate in, listen to, or view the Remote Deposition or exhibits; (ii) all Participants must be able to participate through a secure audio/video conferencing platform; and (iii) Participants must receive and maintain any exhibits securely.  Additionally, in

---

[1] For purposes of this Remote Deposition Protocol, "Participants" are those who are essential for a deposition, including the deponent, the deponent's attorney(s), the attorney(s) taking the deposition, attorney(s) for the Parties, the court reporter, the videographer, and any technician(s) providing support services for the Remote Deposition.

accordance with the procedures set forth in Section II.B.1.h of the Discovery Plan, in order to ensure that individuals not permitted to receive certain Protected Material (as defined in Section II.Q of the Protective Order) do not receive access to such material by virtue of their attendance at a Remote Deposition, the Parties agree that such individuals not permitted to receive "HIGHLY CONFIDENTIAL" information under the terms of the Protective Order shall be excluded from a Remote Deposition during periods of examination or testimony directed to or comprising any information or item designated "HIGHLY CONFIDENTIAL" under the terms of the Protective Order.  Counsel questioning a deponent shall endeavor to ensure that Participants not authorized to receive "HIGHLY CONFIDENTIAL" material do not receive "HIGHLY CONFIDENTIAL" material during the time counsel is questioning a deponent, and should take reasonable steps to exclude such individuals from periods of a deposition during which "HIGHLY CONFIDENTIAL" material is being discussed and to prevent Participants not authorized to receive "HIGHLY CONFIDENTIAL" information from accessing admitted deposition exhibits containing such information.

      (1)     All Participants who connect to the audio/video platform must connect through a private, password protected network.  Connection through a public Wi-Fi network is not permitted.

      d)    *Connectivity.*  The deponent must have sufficient internet connectivity and bandwidth to support a video deposition.  Such capacity shall be sufficient to ensure that when used with the deposition platform, there will be (i) high-quality video upload (from the deponent) and download (to other

Participants), (ii) no material time discrepancy between audio and video, and (iii) consistent connectivity, with no material disruptions.   Where practicable, defending counsel shall arrange a test of the deponent's equipment with the deposition vendor using the planned system at least 48 hours in advance of the Remote Deposition.  Any participating attorney may also request such an advance test for his or her own equipment and internet connection, and such requests shall be reasonably accommodated.

2.      Consistent with Section II.A.5.b of the Discovery Plan, the Parties shall provide names of all Participants to the Remote Deposition vendor to facilitate the Remote Deposition.   The vendor facilitating the Remote Deposition shall take commercially reasonable steps to allow only authorized Participants to access the Remote Deposition, for example, by using features such as a "waiting room."  Absent other agreement among the parties, access to the Remote Deposition must be protected by the use of a password to access the videoconference.   The password shall be provided in a separate e-mail communication from the e-mail communication providing the platform link or address. The vendor shall maintain lists of both all Participants authorized to attend and Participants that did actually attend the Remote Deposition.  Under no circumstances shall a person attend any part of a deposition in person, or by any remote means such as telephone, internet link-up, videoconference, or any other kind of remote-access communication, without being identified on the record.

3.      The Party noticing the Remote Deposition shall arrange for technical support for the duration of the Remote Deposition, to be available to any Participant in the event of technological issues.

4.      The vendor and/or court reporter shall provide a real-time transcript during the Remote Deposition that shall be available to any Participant, upon a Participant's request and at the Participant's own expense commensurate with the rates court reporters typically charge for such services during an in-person deposition, via a feed that can be accessed through the same device on which the video feed is being viewed or via a second device.  Absent a special need, the witness will not have access to or use the Realtime feed from the court reporter at any time during the deposition.

5.      The vendor's software/application shall automatically alert the court reporter if the deponent, the deponent's attorney(s), the attorney(s) taking the deposition, the attorney(s) for the Party of the deponent, or the court reporter are disconnected from the Remote Deposition.  The Parties agree to work cooperatively to resolve connectivity or other issues that affect the Remote Deposition, such as issues relating to undue slowness, a loss of either of video or audio or a mismatch between the audio and video feeds, and shall stop the Remote Deposition if necessary to do so.  Any time during which the Remote Deposition is paused due to technical issues will not count against the seven (7)-hour time limitation in Fed. R. Civ. P. 30(d)(1) or any time limitation agreed upon by the Parties pursuant to Section II.B.2 of the Deposition Plan.

6.      A videographer shall remotely capture the Remote Deposition video using the best technological means available and make available a certified recording at the customary charge for such services.  The video recording shall be only of the deponent, and only time on the record in the Remote Deposition shall be recorded.

7.      If privileged information is disclosed during the Remote Deposition due to a technical disruption, or to the extent any privileged conversation between a deponent and

the deponent's counsel is captured by a videoconferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.  Similarly, to the extent "HIGHLY CONFIDENTIAL" information is disclosed during the Remote Deposition due to a technical disruption, such disclosure shall not under any circumstances be construed as an admission that the material is not entitled to the full protections of the Protective Order.

8.     The Remote Deposition Participants shall act in good faith and use their best efforts to avoid speaking over one another.  All non-speaking Participants, aside from the witness and court reporter personnel, as necessary, will set their audio on "mute" when the deposition is on the record.

9.     The questioning attorney shall endeavor to wait until it is clear that a question has been answered before interjecting or asking another question.  Any system and equipment used for a Remote Deposition must permit the defending attorney(s) or other Participants to assert objections in real time.   If the defending attorney(s) or Participants are unable to do so, the Remote Deposition shall be suspended until the situation can be corrected.  If any attorney is prevented from asserting a timely objection on the record due to a technical disruption, that attorney should attempt to assert the objection as soon as the technical disruption is corrected, but no later than before the Remote Deposition ends, in which case it will be preserved as if it had been timely presented and recorded.

**D.     Authority of Court Reporter to Swear Deponent in Remotely**

1.     Any Remote Deposition shall be deemed to have been conducted before an officer appointed or designated under Federal Rule of Civil Procedure 28(a) even if the court reporter is not physically present with the deponent so long as the court reporter

attends the Remote Deposition via the same remote means as the other Participants and so long as all Participants (including the court reporter) can hear and be heard by all other Participants at all times.

2.     In the event that during the course of any Remote Deposition the court reporter loses connectivity and is thus unable to transcribe any portion of the deposition in real time, the Parties agree that the court reporter may thereafter use the video recording of the Remote Deposition (if a complete video recording exists) to create a transcript of the portion(s) of the deposition for which the court reporter lost connectivity.

**E.     Exhibits**

1.     Full and complete copies of any documents that may be used as exhibits during the deposition will be (i) transmitted in hard copy in advance of the deposition; (ii) securely transmitted electronically either through the court reporting service's or other remote deposition platform during the course of the deposition, as such exhibits are marked or through e-mail or FTP link; or (iii) some combination of the foregoing.  Participants agree not to open the transmittal package or in any way access those documents unless and until specifically requested to do so by the attorney who is conducting the examination. Participants agree not to access any individual hard copy document in the transmittal package until such document is marked as an exhibit; Participants will not access or review any hard copy documents included in the transmittal package that are not marked as exhibits, and agree to destroy or return such documents at the conclusion of the deposition without examining their contents.  If hard copies are mailed or delivered, every recipient of a mailed or delivered package shall keep the package sealed until the deposition begins

and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.

a)      If hard copies are to be used as exhibits during the Remote Deposition, one set of copies of the documents that may be market as exhibits will be sent to each of (a) an address for the deponent provided by deponent's counsel; (b) one person identified as the deponent's counsel, (c) one person identified as counsel for the Party of the deponent (if the deponent is an employee, former employee, or other designated representative of a Party), and (d) if the deponent is an employee, former employee, or other designated representative of Allianz Global Investors U.S. LLC or Blue Cross and Blue Shield Association National Employee Benefits Committee, the one person identified as counsel for Defendant Aon Investments USA Inc.  Such documents shall be delivered by 12:00 PM (noon) ET one (1) business day before the date for which the Remote Deposition is noticed. Each exhibit shall be separated from the others in a clearly identifiable manner (*e.g.*, by numbered tabs) so that they can be readily located by the deponent and other Participants.  Following completion of the Remote Deposition, the deponent will secure any physical copy exhibits that were used in the Remote Deposition in an envelope or box immediately following the Remote Deposition and will not alter any exhibit (mark up, remove pages, etc.) after the conclusion of the Remote Deposition.  Participants shall store any exhibits in a secure location that protects confidentiality, in accordance with the Protective Order.

2.      Deposition exhibits shall also be electronically transmitted to all Participants via e-mail, FTP link or through the court reporting service's or other secure

remote deposition platform upon the marking or introduction of each exhibit that will enable each Participant to (i) access and review the full content of each exhibit that is marked; and (ii) review all exhibits previously marked or shown during the deposition at any time during the deposition.  No questions regarding an exhibit shall be asked until the exhibit has been transmitted to all Participants.   Exhibits containing "HIGHLY CONFIDENTIAL" information shall not be made available to any Participant not authorized to receive such information.

3.      The fact that a witness was provided with an electronic copy of an exhibit shall not be a basis to object to the admissibility of that exhibit at trial.

4.      This Remote Deposition Protocol neither restricts nor enlarges a deponent's right to review portions of a document other than those to which the noticing Party specifically directs the deponent.

**F.      Communications with the Witness**

1.      During live testimony on the record, attorneys shall not communicate in any manner with the deponent in any way that cannot be heard or seen by all Participants to the Remote Deposition. This includes private messages of any kind, including instant messages, text messages, or "chats."   Such prohibition shall not affect the right of the deponent and her/his attorney(s) to communicate in private off the record to the extent otherwise permitted under the applicable rules and this Remote Deposition Protocol.

a)      The witness, any counsel examining the witness, and any counsel defending the deposition shall be on video at all times, other than when the parties are off the record and have agreed to take a break.  Likewise, any Participant

physically present with the witness shall be on video at all times, other than when the parties are off the record and have agreed to take a break.

        b)     A deponent may consult privately with counsel during any time such consultation would be permissible if the Remote Deposition were taken live. During the Remote Deposition, reasonable breaks shall be allowed upon request of the deponent or the Participants.

## G.    Modification by Agreement

The requirements of this Remote Deposition Protocol may by modified with respect to an individual deposition only upon agreement of all Parties participating in that individual deposition.

## H.    Reservation of Rights

Any Party shall be entitled to oppose any procedure adopted for a Remote Deposition insofar as it contends that protections provided herein, or their implementation in a particular situation, are insufficient under the circumstances.  Any Party wishing to state such an objection shall give timely notice to other Parties, who shall meet and confer about the objection and potential means of addressing it.   Nothing in this Remote Deposition Protocol limits a Participant's ability to seek judicial assistance, either before or during a Remote Deposition.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 16, 2021

/s/  Michael Blatchley
Hannah Ross
Avi Josefson
James Harrod
Michael Blatchley
BERNSTEIN LITOWITZ BERGER
AND GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444

*Co-Counsel for Plaintiff Arkansas Teacher
Retirement System*

*Counsel for Plaintiff Employes' Retirement
System of the City of Milwaukee; Chicago &
Vicinity Laborers' District Council Pension
Fund and the Chicago & Vicinity Laborers'
District Council Health & Welfare Fund, and
Catherine Wenskus, Administrator; The Boards
of Trustees for the Carpenters Health and
Security Trust of Western Washington and for
the Group Investment Trust of the Carpenters
Individual Account Pension Trust of Western
Washington and Carpenters Retirement Trust
of Western Washington*

/s/  Fredric S. Fox
Fredric S. Fox
Donald R. Hall
Melinda Campbell
Aaron Schwartz
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Co-Counsel for Plaintiff Arkansas Teacher
Retirement System*

*Co-Counsel for Plaintiffs Chicago Area I.B of
T. Pension Plan & Trust and Local 703 I.B. of*

/s/   Robert J. Giuffra, Jr.
Robert J. Giuffra, Jr.
Stephanie G. Wheeler
Kathleen Suzanne McArthur
Ann-Elizabeth Ostrager
Jacob M. Croke
Hilary M. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2468
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Counsel for Defendant Allianz Global
Investors U.S. LLC*

/s/ Robert A. Skinner
Robert A. Skinner
Amy D. Roy
Mary Elizabeth Brust
Cole A. Goodman
ROPES & GRAY LLP
Prudential Tower
800 Boylston
Boston, MA 02199
Telephone:  (617) 951-7000
Facsimile:  (617) 951-7050

*Co-Counsel for Defendant Allianz Global
Investors U.S. LLC*

*T., Grocery and Food Employees' Pension Plan & Trust*

/s/ *David S. Golub*
David S. Golub
Steven L. Bloch
Ian W. Sloss
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769

*Counsel for Plaintiffs Retirement Program for Employees of the Town of Fairfield and Retirement Program for Fairfield Police and Firemen's Retirement System*

/s/ *Jonathan L. Hochman*
Jonathan L. Hochman
Matthew A. Katz
Jenny C. Gu
SCHINDLER COHEN & HOCHMAN LLP
100 Wall Street, 15th Floor
New York, NY 10005
Telephone:  (212) 277-6300
Facsimile:  (212) 277-6333

*Counsel for Plaintiff Lehigh University*

/s/  *Richard Werder*
Richard Werder
Michael Liftik
Renita Sharma
Andrew Marks
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212)-849-7100

*Counsel for Defendant Aon Investments USA Inc. f/k/a Aon Hewitt Investment Consulting, Inc.*

/s/  *Andrew L. Margulis*
Andrew L. Margulis
ROPERS MAJESKI PC
750 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 668-5927
Facsimile:  (212)-668-5929

*Counsel for Defendant Steadfast Insurance Company*

/s/  *William C. Fredericks*
William C. Fredericks
(wfredericks@scott-scott.com)
Donald A. Broggi (dbroggi@scott-scott.com)
Zachary M. Vaughan
(zvaughan@scott-scott.com)
SCOTT + SCOTT ATTORNEYS AT LAW
LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  (212) 223-6444
Facsimile:  (212) 223-6334

*Counsel for Plaintiff Teamster Members*
*Retirement Plan f/k/a GCIU Inter-Local*
*Pension Plan*

/s/  *Daniel Z. Goldman*
Daniel Z. Goldman (dgoldman@pkbllp.com)
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
Telephone:  (212) 370-0330


/s/  *Sean W. Gallagher*
Sean W. Gallagher
Adam L. Hoeflich
Mark S. Ouweleen
Abby M. Mollen
Nicolas L. Martinez
Dawson K. Robinson
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone:  (312) 494-4400

*Counsel for Plaintiffs Blue Cross and Blue
Shield Association National Employee Benefits
Committee and Blue Cross and Blue Shield
Association*

/s/  *Anthony F. Shelley*
Anthony F. Shelley
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street N.W.
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 626-5924

*Co-Counsel for Plaintiff Blue Cross and Blue
Shield Association National Employee Benefits
Committee*

/s/ *Javier Bleichmar*
Javier Bleichmar
George N. Bauer
BLEICHMAR FONTI & AULD LLP
7 Times Square, 27th Floor
New York, New York 10036
Telephone:  (212) 789-1340
Facsimile:  (212) 205-3960


/s/  *Regina Calcaterra*
Regina Calcaterra
Justin Teres
CALCATERRA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Telephone:  (212) 899-1760

*Counsel for Plaintiffs Metropolitan*
*Transportation Authority Defined Benefit*
*Pension Plan Master Trust, Manhattan and*
*Bronx Surface Transit Operating Authority*
*Pension Plan, and Metropolitan*
*Transportation Authority Other*
*Postemployment Benefit Plan*

/s/  *Scott F. Hessell*
Scott F. Hessell
John Bjork
Ashima Talwar
Sperling & Slater, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone:  (312) 641-3200

*Co-Counsel for Plaintiffs Chicago Area I.B of*
*T. Pension Plan & Trust and Local 703 I.B. of*
*T., Grocery and Food Employees' Pension*
*Plan & Trust*


/s/  *Kenneth A. Wexler*
Kenneth A. Wexler
WEXLER WALLACE LLP
55 West Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222

Mark J. Tamblyn
WEXLER WALLACE LLP
333 University Avenue, Suite 200
Sacramento, California 95825
Telephone: (916) 565-7692

/s/ *Justin S. Brooks*
Justin S. Brooks
GUTTMAN, BUSCHNER & BROOKS PLLC
119 Coulter Ave., Suite 211
Ardmore, Pennsylvania 19003
Telephone: (610) 547-9556

Elizabeth H. Shofner
GUTTMAN, BUSCHNER & BROOKS PLLC
41-30 46th Street, Apt. 1-0
Sunnyside, New York 11104
Telephone: (202) 800-3001

Reuben A. Guttman
GUTTMAN, BUSCHNER & BROOKS PLLC
2000 P Street, N.W., Suite 300
Washington, D.C. 20036

Telephone: (202) 800-3001

*/s/  Jonathan D. Karmel*
Jonathan D. Karmel
KARMEL LAW FIRM
221 N. La Salle Street, Suite 1550
Chicago, Illinois 60601
Telephone: (800) 459-6264

*Attorneys for Plaintiffs Paul Schaefer, Robert O'Toole, Marc Parker, Brian Jordan, Mark Jacobs, and William R. Seehafer, as trustees of the United Food & Commercial Workers Unions & Employers Midwest Pension Fund, on behalf of the Plan*

cc:  Counsel of Record (by ECF)

The Clerk of Court is directed to docket this Order in case numbers
20-cv-5615, 20-cv-5817, 20-cv-7061, 20-cv-7154, 20-cv-7606, 20-cv-7842,
20-cv-7952, 20-cv-8642, 20-cv-9478, 20-cv-9479, 20-cv-9587, 20-cv-10028,
and 20-cv-10848.

Dated:      February 17, 2021            SO ORDERED.
            New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

19